IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TERRY BENTLEY                                                     PLAINTIFF

V.                                            CIVIL ACTION NO. 4:15-cv-00001-SA-JMV

ILLINOIS CENTRAL RAILROAD
COMPANY                                                 DEFENDANT

<u>MEMORANDUM OPINION</u>

Plaintiff Terry Bentley was employed by Defendant Illinois Central Railroad Company as a machine operator. While on the job in January 2014, Plaintiff claims he was instructed to "pull up and unload a piece of compromised rail" and was injured when the rail rolled onto his foot and ankle. Plaintiff reported the injury to Defendant, and an investigation into the incident was launched in February 2014. According to the Complaint [1], Plaintiff was terminated at the conclusion of the investigation for violating safety rules.

Plaintiff initiated this present action pursuant to 49 U.S.C. § 20109(d)(3), seeking to hold Defendant liable for violating the Federal Railroad Safety Act ("FRSA") by retaliating against Plaintiff for reporting a work-related injury. Defendant filed a Motion to Dismiss [3], arguing Plaintiff's FRSA claim is barred by that Act's election of remedies provision due to Plaintiff seeking protection under "another provision of law" prior to filing this instant case. In particular, Defendant asserts Plaintiff filed a Title VII anti-retaliation claim with the Equal Employment Opportunity Commission ("EEOC") prior to filing this suit for the "same allegedly unlawful act of the railroad carrier."

*Motion to Dismiss Standard*

"A motion to dismiss under rule 12(b)(6) is viewed with disfavor and rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum*

*& Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (*citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "[T]o survive a motion to dismiss, a complaint must . . . 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Discussion and Analysis*

Defendant argues that this instant case should be dismissed because the election of remedies provision of the FRSA bars Plaintiff's claim for relief. Congress enacted the FRSA in 1970 "to promote safety in all areas of railroad operations and reduce railroad-related accidents and injuries to persons . . . ." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 661, 113 S. Ct. 1732, 123 L. Ed. 2d 387 (1993) (quoting 45 U.S.C. § 421)). The FRSA was amended in 2007 "to protect employees who engage in certain protected activities, including notifying the railroad carriers of a work-related injury. *Davis v. Union Pacific R.R. Co.*, No. 5:12-CV-2738, 2014 WL 3499228, *5 (W.D. La. July 14, 2014) (*citing Araujo v. N.J. Transit Rail Ops., Inc.*, 708 F.3d 152, 156-57 (3d Cir. 2013)).

The FRSA states:

> (a) A railroad carrier . . ., or an officer or employee of such a railroad carrier, may not discharge . . . an employee if such [action] is due, in whole or in part, to the employee's lawful, good faith act done . . .

2

>     (4) to notify the railroad carrier . . . of a work-related personal injury . . . of an employee.

49 U.S.C § 20109(a)(4). "An employee who alleges discharge . . . in violation of subsection (a) . . . may seek relief in accordance with the provisions of this section. . . ." *Id*. at (d). However, an employee may not seek relief or "protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier." *Id*. at (f).

Defendant alleges Plaintiff filed a Title VII anti-retaliation complaint with the EEOC prior to filing this case. In challenging the Plaintiff's claim for relief under the FRSA's election of remedies provision, Defendant relies heavily on *Lee v. Norfolk Southern Ry. Co.,* No. 1:13cv4-MR-DSC (W.D. N.C. May 20, 2014), an unpublished opinion which the Defendant attached to its' motion. In *Lee*, the plaintiff "chose to pursue a racial discrimination claim under 42 U.S.C. § 1981 before seeking the protections of the FRSA." *Id*, at *14. The defendant filed a motion for summary judgment, arguing Lee's FRSA claim was barred by the election of remedies provision. *Id*., at *6. The Court granted summary judgment, holding Lee was "[s]eeking to pursue a belated safety act claim under the FRSA, another provision of law, for the same allegedly unlawful act of the railroad carrier." *Id*. at *26.

Although the facts are similar to the situation here, the Western District of North Carolina's analysis was pursuant to a summary judgment standard whereas here, the Court is limited to the pleadings and the standards set forth under Rule 12. In reviewing a motion to dismiss, the Court considers whether the complaint contains sufficient "well-pleaded facts" that establish a "plausible claim for relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937. "[The] low standard for a motion to dismiss . . . favors the plaintiff in the reading of the complaint." *Smith v. North Bolivar School Dist*., No. 2:07CV51-SA-SAA, 2008 WL 4450295, at *2, 12 (N.D. Miss. Sept. 29, 2008). Whereas, when considering a motion for summary judgment, the record as a

whole is taken into consideration, and the court determines whether the plaintiff offers "concrete evidence from which a reasonable jury could return a verdict in his favor . . . ." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 243, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). At this stage of the litigation, the Court only considers the factual allegations asserted in the Complaint [1].

According to the Complaint [1], Plaintiff, under the instructions of another, was injured while attempting to pull up and unload a piece of compromised rail. Plaintiff reported the injury to Defendant. Plaintiff contends the subsequent investigation, disciplinary hearing, and discharge were commenced in retaliation for Plaintiff reporting a work-related injury. The reporting of a work-related injury is a protected activity under the FRSA. Thus, Plaintiff has established a plausible claim for relief under the FRSA.

*Conclusion*

Because the Court is limited to the allegations of the Complaint [1], and the Complaint makes no mention of a prior Title VII claim, the Court makes no determination as to whether Plaintiff is precluded from protection under the FRSA. Plaintiff's Complaint [1] contains sufficient well-pleaded facts to survive a motion to dismiss. Therefore, the Defendant's Motion to Dismiss [3] is hereby **DENIED**.

SO ORDERED on this, the 10th day of August, 2015.

                                                      **/s/ Sharion Aycock**
                                                      **U.S. DISTRICT JUDGE**